May I please the court. Good afternoon your honors. My name is Susan Walsh from Vladeck, Raskin & Clark on behalf of the appellant Paris Desuze. Thank you. This court has never required a mechanical incantation or a specific formula as to how the district courts pronounce sentencing. Appellant doesn't argue for that. But what the court does require is reasoning and showing your work if you will. It reminds me of when we first learned long division and in order to evaluate whether or not you really knew it or guessing at the answer, you had to show your work. It gave your teacher confidence that you knew what you were doing. And in this case, I use that analogy when I teach law students how to answer their first law school exam. You have to show how you came to your conclusion. It gives the defendant who's being judged information about why they're being sentenced. And importantly, it gives the public confidence in why a person is being sentenced as they're being sentenced. And most specifically in these circumstances, it allows the appellate court to know why the district court chose the sentence that it did. Maybe you should go through your objections and tell us how it is that the judge failed to show his work. Yes, please, Judge Eaton. Well, for starters, the judge does not indicate how he reached the guideline calculation. And the guideline calculation is pronounced at level 33. But there is no indication or ruling that the recommendation or the guideline calculation that was done by the probation officer was incorrect or correct. We don't know how the judge reached level 33 without guessing or inferring as my adversary would have it. What would you say does this have to do with whether or not there was one plan to murder somebody or two? Well, that is one of the calculations that the probation office made that differed from the parties. That's correct. The probation officer added three units for two acts under the racketeering charge, correct? And the plea agreement and the parties add two. So that is a different calculation, correct? And whether or not the government got that right or the probation officer got that right is unclear. And I direct the court specifically, Judge Eaton, to the statement of reasons attached to the judgment. Well, but doesn't the judge say in open court or say someplace that he doesn't take it into account? I don't believe that he doesn't take which into account. I'm sorry, Your Honor. He doesn't take into account whether or not there were plans to murder one person or two.  If that's your complaint, maybe I have your complaint wrong. Maybe you could say to me again what was wrong with the 33. Perhaps we could discuss the role enhancement and whether the district court adopted the role enhancement as seems to be inferrable from the 33 level that he found. But he also, I think, the box checking that he went through suggested and the PSR said that there was no role enhancement. Yes, that's correct, Your Honor. And Mr. D'Souza also stipulated to a role enhancement in the plea agreement. So the record was very confusing and I had difficulty determining what the district court was deciding with regard to role enhancement, particularly because the PSR contradicted what the district court seemed to have done. Could you make sure we have that straight? Yes, please, Judge. I apologize if I got jumbled there. That is exactly my point, if I may. The first line of the statement of reasons in the judgment says that the court adopts the pre-sentence investigation report without change. The district court checks that box off. Well, we know that the probation report has an entirely different calculation, an entirely different recommendation, and an entirely different base offense level. And they have not applied any role enhancement. The PSR says there's no evidence of role enhancement. So how could the judge apply a role enhancement? You have a minute left. And reaching level 33, which the government urges us to infer, when in fact the district court has said just the opposite. It adopts the pre-sentence report without change. Well, the pre-sentence report has no role enhancement. And then, though, as Judge Carney, as you absolutely correctly point out, on the last page of the statement of reasons, at paragraph 6, the court says it's varying because of the role in the offense, meaning it's giving an upward variance based on the role in the offense. Well, it is jumbled and it is confusing, and that is the problem with how the court approached this particular sentencing. We cannot evaluate, this court cannot evaluate whether it got it wrong on the role enhancement, got it wrong on the criminal history, or what in fact the court was inferring because the record is not clear. And that's why it's so imperative that we show that the court does show its work. I don't mean to make it too elemental, but it's impossible for a court to review this, and it's impossible for counsel to explain it to their client why this particular guideline and why this sentence so far above what was contemplated in the plea, what was recommended by probation, and frankly, what was urged by the defense counsel at sentencing at the time. Thank you, Ms. Walsh. You've reserved two minutes for rebuttal. Please. You'll hear from the government. Thank you. Thank you. Mr. Lifshitz. Thank you, Your Honor. May it please the court, my name is Elan Lifshitz. I represent the government in this appeal. The district court's judgment as to D'Souza was affirmed because there was no procedural error. The district court considered and ruled on D'Souza's motion for a downward departure relating to his criminal history. Well, maybe we could zero in on the enhancement question. Yes, the role enhancement, Your Honor. Yes. Why is it not confusing? Your Honor, so there were three positions at sentencing. Probation said there was a level 32, which did not group the two racketeering acts and did not include a role enhancement. By not grouping the two racketeering acts, that led to a one-level increase. And by not including the role enhancement, that negated a two-level increase that had been, excuse me, contemplated by the parties in the plea agreement. The defense requested a level 33, which did not group the two racketeering acts, but did include the role enhancement. And the government also asked for a rule 33, excuse me, level 33 for the same reasons and a criminal history category of two. So we can tell what the court did because at stake in the grouping analysis was only one point. And at stake in the role enhancement, which was stipulated to, was a two-level increase. But hang on a second. In the statement of reasons, the district court checked the box for role in the offense. But the PSR, but I'm not aware of any factual findings he made with regard to the role in the offense. And he adopted the PSR, which specifically said that Mr. D'Souza didn't have a substantial role in the offense. How do you reconcile those? Your Honor, the parties stipulated to the role enhancement and at no time prior to sentencing or at sentencing, did D'Souza object to it because it was heavily negotiated and he would have been in breach of the plea agreement if he had tried to do that. But we're still looking at what the district court, how the district court explained its sentence. And it seems to have done two inconsistent things. It adopts the PSR, which specifically finds no enhancement for Mr. D'Souza's role. And then it checks the statement of reasons saying role enhancement and appears to rely on his role in sentencing Mr. D'Souza to a significantly higher sentence than was within the guidelines range. To me, that suggests a confusion or at least I come away uncertain about the basis for the sentence. How should Mr. D'Souza understand those apparently inconsistent acts or why are they not inconsistent in your view? Pardon me, Your Honor. Your Honor, at sentence, I agree when the court checks box A on the statement of reasons. That does appear inconsistent with what was done in open court. But I think what was done in open court was perfectly clear based on the calculations we just discussed. And there's no reason to send the case back on a stipulated fact that the defense could not have objected to without breaching the plea agreement. So respectfully, Your Honor, I do recognize the flaw in checking box A. And how about maybe I've got the wrong quote, but in open court, speaking about the role enhancement, doesn't the judge say consequently neither mitigating or aggravating role adjustment is warranted? How does that fit in? Your Honor, I submit I think this is clear. There's maybe a lack of clarity in the way the transcription came out, but he was quoting the PSR there. And we know that because later on he was reading from his written opinion, which was issued shortly thereafter. I'm sorry, are you still there? Yes, I am. I may have missed the end of your sentence then, if he was reading. What the court was doing there was quoting from the PSR. I think that was clear in context. Excuse me, Your Honor. I'm looking for the site here. I apologize, Your Honor. I'm sure this is in my brief. I should have it in my notes right now. We will find it then. You believe that Mr. D'Souza's stipulation to the role enhancement of the plea agreement should basically be definitive. And even if the district court took actions that seemingly were inconsistent with that, we should just overlook those. Your Honor, a stipulated fact is I don't see how a judge could find to the contrary. The reason the party stipulated that so there's no need for a statical hearing or other litigation at the time of sentencing or to burden the court with finding facts. And D'Souza did not object to this below. Could you take a minute and discuss the grouping question, the two admitted acts versus three, I guess, admitted acts? I'm looking at the plea agreement, the PSR, the government's memo, and the defense. I guess the PSR would add three and everyone, the other sources would say two. And the district court in the end, what do we infer it to have done?  Thank you, Your Honor. The district court in the end applied a level 33, which in light of including the role enhancement necessarily incorporated a finding in the defendant's favor. Although with the government's consent that the two murder conspiracy racketeering acts should be grouped. I think we had charged them as racketeering at 66A and B. And in the plea agreement, we grouped them with the result that they were worth one point in the offense level. Probation disagreed and that sentencing the court sided with D'Souza. And there's really no other way it could have reached a level 33, given that it incorporated the two level role enhancement. So I guess one thing that's bothering me is that we're doing a lot of inferring on what's a very substantial sentence, 210 months. And there's some ambiguity also in the reasoning about criminal history one versus criminal history two. And especially on such a substantial sentence, it seems to me we shouldn't be put and the defendant shouldn't be put to inferring how the district court reached the applicable range and reach the final sentence. Would you agree that we're doing the inferring as to the role enhancement as well as grouping? Your Honor, the reason we're doing the inferring now, we are doing a degree of inferring, but I don't think there's any ambiguity. When D'Souza was sentenced below, nobody in the courtroom had any lack of understanding about what was happening. D'Souza and his lawyer never said they didn't understand what the judge was deciding or why it was imposing the above guideline sentence. The court went through every possible... Excuse me, you have a minute left. Yes, thank you. Every possible fact and factor. Of course, on appeal, we can always look back at the parts where the court... Excuse me, that was my own timer. The court made decisions and maybe glossed over the explanation because, for example, a fact was stipulated to. And then there is a degree of inference involved in resolving an appeal as to that issue. But I think under Rosa and the similar cases that get sent back, the problem in those cases is a complete absence of factual findings and maybe an allusion to Section 3553, but no discussion of the factors. And here you really have the opposite, an extensive record, extensive factual findings, discussion of every Section 3553 factor, including the defendant's criminal history. I know my time is almost up. As to the criminal history category, again, the arguments were plainly made and clearly made forcefully by the defense before sentencing and at sentencing. The government responded at sentencing. It explained why the three prior convictions were worse than they may have appeared on paper. So the court had every reason in the world to stick to the correct determination that Category 2 applied and not to take the unusual step of finding that the criminal history was overstated. All the support needed was in the record, and it clearly considered the arguments and clearly made a decision. All right. Thank you very much, Mr. Lifshitz. We'll hear a rebuttal from Ms. Walsh. Thank you, Your Honors. There's clearly no objection at the time of the sentencing, which is why this court is reviewing the case under the plain error standard. Moreover, Your Honors, the plea agreement with respect to whether or not there's a role enhancement and the stipulation couldn't be clearer at page A94 of the appendix, paragraph 3. The guideline calculation in the plea agreement is not binding on the court, and it's certainly not binding on the probation department. So there must be a finding by the district court because the plea agreement or the proposed plea agreement is not binding. So it makes no difference what the parties stipulate to before the district court. It is the court that has the power to make that decision. Isn't the court free to rely on the stipulation? I mean, Mr. D'Souza did stipulate to his role. And why does that have to be questioned now? Because the court says consequently there is neither an aggravating or a mitigating role involved because it is unclear and because there are no findings by the probation department, which is also not bound by the stipulation. And yes, the court could, I assume, rule I accept the stipulation of the parties. But unfortunately, the court didn't. We have one minute left. Finally, Your Honors, I'd also point out that where the court wanted to quote something, it made no mistake of saying, quote, unquote, in open court. At A147 and, again, at A148, just to give you two examples, when the court wanted to quote something, it said, quote, unquote, in open court while pronouncing sentencing. So the suggestion is just quoting from something else that the court was reading from, I think, also muddies the water rather than provides clarity. Your Honor, this is a 17-and-a-half-year sentence for a 28-year-old man. And while we can infer and we may, in hindsight, say there are lots of bad reasons why the court could have done what it did, it's too serious, it's too permanent, and it's too opaque to allow the sentence to stand. And for those reasons, I ask that the court vacate it and remand for resentencing before a different district judge. And if there are no other questions, I'll rest on my brief. Thank you. Thank you very much, Ms. Walsh. Thank you both. We will reserve decision.